IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

Vs.                      Nos. 08-40020-01-SAC
                              10-4034-SAC

ARMANDO OCHOA-EQUIHUA,

    Defendant.

MEMORANDUM AND ORDER

This case comes before the court on the pro se defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (Dk. 61). The defendant pleaded guilty on April 29, 2009, to count three of a five-count indictment that charged him with distribution of 4.1 grams of actual methamphetamine. (Dk. 51). As part of the plea agreement, the defendant waived his right to appeal or bring a collateral attack on his conviction and sentence. (Dk. 52, Plea Agrmt. pp. 15-16, ¶ 11). On August 26, 2009, the court sentenced the defendant to an 87-month term of imprisonment which was the bottom of the advisory guideline sentencing range. The defendant did not file a direct appeal from his conviction.

On April 2, 2010, the defendant filed his § 2255 motion that is

the subject of this order. (Dk. 61). In response, the government has filed a motion to dismiss the defendant's § 2255 motion and to enforce the plea agreement. (Dk. 68). The government contends that the defendant knowingly and voluntarily waived his right to seek relief under § 2255 and that the defendant's pending motion does not fall within the exception of *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002). The defendant filed a response pointing to his inability to speak English and his lack of legal knowledge. The defendant also responds that he was "well aware that he was waiving his rights when he pleaded," and that the "government is quite right about the defendant, knowingly and voluntarily waived the rights to any collateral attack," but he was following and trusting the advice of his attorney that he was receiving the best possible deal and that the government was not withholding a sentencing reduction to which he was entitled. (Dk. 69, pp. 2-3). The defendant further explains that he is not denying his guilt for the offense but asks the court to resentence him with this mitigating role adjustment in light of his harsh prison conditions.

The government seeks to have the court enforce the following term of the plea agreement:

> **11. Waiver of Appeal and Collateral Attack**. Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] a motion brought under Title 18, U.S.C. § 3582(c)(2), or a motion brought under Federal Rule of Civil Procedure 60(b).

(Dk. 52, Plea Agrmt. ¶ 11). The defendant's only response is that the defendant did not know or understand and his counsel was ineffective in not advising him that the government was acting in bad faith in withholding a four-level mitigating role adjustment.

A court need not "hesitate to 'hold a defendant to the terms of a lawful plea agreement.'" *United States v. Sandoval*, 477 F.3d 1204, 1206 (10th Cir. 2007) (quoting *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998)). "[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d at 1183.

3

Exceptions to the general rule include "where the agreement was involuntary or unknowing, where the court relied on an impermissible factor such as race, or where the agreement is otherwise unlawful." *Id.* at 1182-83. Moreover, "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." *Id.* at 1187. All other ineffective assistance of counsel claims fall within the scope of a proper waiver. *Id.* at 1187. The Tenth Circuit has looked to the following factors in deciding the enforceability of such waivers: (1) whether the issues in dispute come within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcement of the waiver would result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

Following basic contract principles for determining the scope of a waiver, a court will strictly construe the waiver and read any ambiguities against the government and in favor of the defendant. *Hahn*, 359 F.3d at 1324-25. The plea agreement here plainly and clearly states that the defendant "waives any right to . . . collaterally attack any matter in

4

connection with this prosecution, conviction and sentence" and "also waives any right to challenge a sentence . . . in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255" unless it is a matter that may not be waived under *Cockerham*. (Dk. 52, ¶ 11). The court does not have before it any offered interpretation to contradict the straightforward reading and application of this waiver or to suggest any troubling ambiguity. The plea agreement waiver plainly encompasses all collateral challenges, including any § 2255 motion, to the prosecution, conviction and sentence.

The defendant's § 2255 motion principally challenges the effective assistance of his counsel in not securing a mitigating role reduction at sentencing. Such a challenge does not come within the *Cockerham* exception. The defendant's claims go to his sentence and not the validity of his plea agreement. Consequently, pursuant to *Cockerham*, the defendant's claims for ineffective assistance of counsel are subject to the waiver unless there is evidence of unknowing or involuntary waiver or plea.

The defendant vaguely questions the effective assistance of his counsel at the time of his plea. The defendant does not assert that he

pleaded guilty based on any specific promise or misunderstanding regarding his sentence or any role reduction. His conclusory allegation of being "misadvised" on the length of his sentence after a plea is devoid of any details and fails to offer any substantive evidentiary basis for questioning the voluntariness of his plea. At the change of plea hearing, the defendant said there were no other promises made to him other than disclosed by the government. (Dk. 65, p. 5). He was properly informed of the maximum sentence, *id.* at 14, and he acknowledged that the sentence imposed "may be different from any estimate your attorney or others have indicated to you". *Id.* at 16. As for the defendant's inability to speak English, the court adequately addressed this need by using an interpreter both at the change of plea hearing and the later sentencing hearing. (Dks. 51 and 59). Nothing occurred during either proceeding to suggest the defendant did not understand what was happening. (Dks. 65 and 66).

"In the guilty plea context, to establish a claim for ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's error, the defendant would have insisted upon going to trial." *United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005) (citation

6

omitted), *cert. denied*, 547 U.S. 1164 (2006).  Missing from the defendant's motion is any argument that the failure of his counsel to offer the advice on the mitigating role reduction was objectively unreasonable, that is, was not "within the wide range of competence demanded of attorneys in criminal cases," *United States v. Blackwell*, 127 F.3d 947, 955 (10th Cir. 1997) (quotations and citations omitted).[1]  Nor does the defendant contend that he would not have entered a plea of guilty if his counsel had provided reasonable advice.

      The defendant has the burden to demonstrate from the record that his waiver was not knowing and voluntary.  *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003).  The defendant offers nothing in support of his burden and does not attempt to argue that his waiver was unknowing or involuntary.  The plea agreement explicitly provides that the defendant "knowingly and voluntarily waives any right to . . . collaterally attack any matter in connection with this prosecution, conviction and

---

[1] Frankly, neither the uncontested facts in the presentence report nor the proffered facts in the defendant's motion offer any reasonable basis for finding a mitigating role adjustment under the sentencing guidelines.  The defendant pleaded guilty to distributing actual methamphetamine.  His relevant conduct several other drug transactions.  In those, the defendant personally negotiated the terms, delivered the drugs and took control of the proceeds.  Such facts would not support a mitigating role reduction.

sentence." (Dk. 52, Plea Agrmt. ¶ 11). At the change of plea hearing, the court referred the defendant to this particular paragraph in the plea agreement, and the defendant told the court that an interpreter had read the paragraph to him and that he understood it. (Dk. 65, pp. 16-17). After conducting a thorough inquiry, the court found the defendant's plea to have been made freely, voluntarily, knowingly, and understandingly. *Id.* at 19. This factor favors enforcing the waiver.

The enforcement of a waiver provision results in a miscarriage of justice only when:

> 1) the district court relied on an impermissible factor such as race; 2) ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid; 3) the sentence exceeds the statutory maximum; or 4) the waiver is otherwise unlawful.

*United States v. Maldonado*, 410 F.3d 1231, 1233 (10th Cir.) (internal quotation marks omitted), *cert. denied*, 546 U.S. 989 (2005). The burden rests with the defendant to prove a miscarriage of justice. *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004). The defendant does not assert any ground for finding a miscarriage of justice nor even advocates such a finding. The court is not alleged to have relied, and did not rely, upon the defendant's color, race, or other impermissible factor. The sentence here did not exceed the statutory maximum, and the waiver is not

8

otherwise unlawful. Knowing of nothing to suggest a miscarriage of justice and finding that the claims genuinely argued in the defendant's § 2255 motion come within the scope of the defendant's knowing and voluntary waiver in the plea agreement,[2] the court enforces the defendant's waiver of his right to a collateral attack upon this prosecution, conviction and sentence.

As required by recent amendments to Rule 11 of the Rules Governing Section 2255 Proceedings, the court will consider in this final order whether to issue a certificate of appealability. The movant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, the movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). The defendant's motion offers no debatable claim of ineffective assistance of counsel in giving pre-plea advice as to overcome

---

[2]Alternatively, if the defendant has genuinely challenged the effectiveness of his counsel's pre-plea advice, the court finds that the defendant has failed to show his counsel's advice fell below the standard of objective reasonableness.

enforcement of the plain terms of the plea agreement waiver.  The defendant's submissions utterly fail to make any reasonable argument going to the voluntariness of his waiver or any ground for miscarriage of justice.  Consequently, a reasonable jurist would not find the court's ruling to be debatable or wrong here.   The court denies a certificate of appealability to the defendant.

IT IS THEREFORE ORDERED that the defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Dk. 61) is dismissed and that the government's motion to dismiss the defendant's motion under 28 U.S.C. § 2255 and motion to enforce the plea agreement (Dk. 68) is granted;

IT IS FURTHER ORDERED that the defendant is denied a certificate of appealability.

Dated this 29th day of September, 2010, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge