IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                    Nos. 08-40020-01-SAC
                                                 10-4034-SAC

ARMANDO OCHOA-EQUIHUA,

        Defendant.

MEMORANDUM AND ORDER

This case comes before the court on the pro se defendant's "letter of reconsideration" asking the court to reconsider its "denial of defendant's 28 U.S.C. § 2255 motion. (Dk. 71). The court did not simply deny the defendant's § 2255 motion. (Dk. 70). The court granted the government's motion to enforce the plea agreement, in particular, the defendant's waiver of his right to a collateral attack, and dismissed the defendant' § 2255 motion without addressing its merits. The defendant's pending motion does not ask the court to revisit or reconsider any grounds supporting the court's enforcement of the plea agreement. Instead, the defendant ignores the court's ruling and asks that his sentence be lowered, because "[t]here is nothing that forbids the Honorable Court to grant a

downward departure based on the grounds that a defendant is doing his Federal Sentence at an Immigration Center where is overcrowded and no jobs, and his minimal participation in the criminal offense he pleaded guilty to." (Dk. 71, p. 2).

Having sentenced the defendant back in August of 2009, the court is precluded from considering a mere request for a downward departure at this point. The Tenth Circuit has consistently recognized that "a district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). Section 3582(c) of Title 18 "provides three avenues through which the court may 'modify a term of imprisonment once it has been imposed.'" *United States v. Blackwell*, 81 F.3d at 947 (quoting 18 U.S.C. § 3582(c)). In the plea agreement, the defendant also waived his right to bring a motion for relief under 18 U.S.C. § 3582(c)(2). Regardless of the waiver, the defendant's arguments do not fall within any of the cognizable avenues of relief available under § 3582(c)(1) or (2).

IT IS THEREFORE ORDERED that the defendant's "letter of reconsideration" (Dk. 71) asking the court to reconsider its "denial of

defendant's 28 U.S.C. § 2255 motion" is denied.

Dated this 29th day of October, 2010, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge